IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FARHI SAEED BIN MOHAMMED,** )<br>　　Detainee, )<br>　　Guantanamo Bay Naval Station )<br>　　Guantanamo Bay, Cuba; )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>**MOAZZAM BEGG,** )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　as Next Friend of Farhi Saeed )<br>　　bin Mohammed; )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>*Petitioners/Plaintiffs,* )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>v. )　　Case No. <u>05Civ1347</u><br>　　　　　　　　　　　　　　　　　　　　　　)<br>**GEORGE W. BUSH,** *et al.*, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>*Respondents/Defendants* ) | |

## **OPPOSITION TO MOTION TO STAY PROCEEDINGS**

　　Petitioner/Plaintiff Farhi Saeed bin Mohammed, a citizen of Algeria, acting through his next friend, Moazzam Begg, and through undersigned counsel, respectfully opposes the Respondents' Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination (hereafter, "Motion to Stay Proceedings"), and represents to the Court as follows:

　　1.　　Petitioners oppose that portion of the motion requesting an open-ended stay of all proceedings in this Court. On information and belief, Petitioner bin Mohammed has been held for approximately three years virtually *incommunicado* in Respondents' unlawful military custody at the United States Naval Station at Guantánamo Bay, Cuba ("Guantánamo"), without basis, without charge, without access to counsel and without being afforded any fair process by which he might challenge his detention.

1

2.	Respondents' collective approach to all of the Guantánamo detainees' petitions for habeas corpus relief ignores differences between them which may turn out to be significant in later decisions of the Court of Appeals and/or the Supreme Court.  Without a reasonable opportunity to probe further, Petitioner bin Mohammed and his counsel are left with few or no options to advance his cause, no matter how meritorious and unique it may be.

3.	Further, it is Petitioner bin Mohammed's right and the obligation of his counsel to seek to redress adverse conditions of his confinement and to probe conditions of assembly and analysis of 'evidence' concerning Petitioner bin Mohammed.  Such right and obligation would be frustrated by delay.

4.	While District Courts have authority to control their dockets to conserve scarce judicial resources, stays should be entered only after careful weighing of competing interests of parties.  *Landis et al. v. North American Co.*, 299 U.S. 248 (1936).  Respondents have utterly failed to meet their heavy burden under *Landis, supra*, for a lengthy or open-ended stay, and they have failed to meet the requirements in this Circuit for the grant of a stay pending appeal.  See *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F2d 841, 843 (D.C. Cir. 1977), and *Virginia Petroleum Jobbers Association v. FPC*, 259 F.2d 921 (D.C. Cir. 1958). Under the law in this Circuit, a party requesting a stay pending appeal must show that (i) it is likely to prevail on appeal, (ii) without such relief, it would be irreparably injured, (iii) the issuance of such a stay would not substantially harm other parties interested in the proceedings, and (iv) the public interest lies in favor of the stay.  *Washington Metropolitan Area Transit Commission, supra*.

5.	Respondents have not and could not carry their legal and factual burden to obtain a stay pending appeal.  Rather, they have suggested that the resolution of *Khalid, Hamdan, Boumediene*, and the *In re Guantanamo Detainee Cases* in the U.S. Court of Appeals for the District of Columbia Circuit will provide clear guidance as to how the instant habeas corpus action

should proceed. We submit that it is far more likely that, whatever the outcome in the Court of Appeals of *Khalid* and the others, a subsequent appeal will be taken to the U.S. Supreme Court. Thus Petitioner bin Mohammed, who has already been incarcerated for three years, will continue to be incarcerated for an additional lengthy period upon no showing at all to an Article III judge and no opportunity for counsel to assemble and analyze (and rebut) evidence relevant to his case.

      6.     Additionally, counsel must advise Petitioner bin Mohammed as to his rights and prospects. They are left to do so in a vacuum, having only his memory (unassisted by notes or transcripts) and lay understanding at Guantanamo including presentation made at his military review tribunal proceeding.

      7.     Without production of at least the factual return, as has been ordered by ceratin Judges of this Court, counsel's assistance is rendered totally ineffectual. Respondents complain that the submission of the factual returns is "burdensome" because of the numbers of prisoners in the same position as Petitioner bin Mohammed. Elsewhere, however, Respondents have stated that the data for the factual returns has been gathered and organized. The burden amounts to little more than delivering a copy to Petitioner bin Mohammed's counsel. Respondents also do not explain how they will manage the burden of producing factual returns if they do not prevail on appeal. Indeed, one can anticipate that Respondents will find the situation even more burdensome if they are called upon to make factual returns in hundreds of cases at once.

      8.     Petitioner bin Mohammed asks this Court to adopt a schedule for his case which will allow it to proceed in a measured, responsible fashion. By providing factual returns in these cases on a first-in, first-out basis (though on a timetable less relaxed than the 10-12 weeks suggested by Respondents), and by moving for ordinary extensions within which to file responses to motions, Respondents should have adequate resources to handle these habeas corpus petitions. If they do not, it is not the fault of Petitioner bin Mohammed. Compared with the difficulties faced by

3

Petitioner bin Mohammed of (1) interrogation which is rigorous and perhaps brutal, and in violation of the Geneva Conventions as well as the Constitution, and (2) prolonged *incommunicado* incarceration far from family, Respondents' wish to be excused indefinitely from an administrative task and the normal burdens of litigation seems shameful.

WHEREFORE, it is respectfully submitted that Respondents' Motion to Stay Proceedings should be denied.

Respectfully submitted,

_____
Jerry Cohen
DC Bar Number 87759
**PERKINS SMITH & COHEN LLP**
One Beacon Street
Boston, MA 02108
Tel: (617) 854-4282
Fax: (617) 854-4040
Email: *jcohen@pscboston.co*m

_____
Sylvia Royce
DC Bar Number: 924035
**LAW OFFICE OF SYLVIA ROYCE**
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
Email: *Sylvia_Royce@hotmail.com*