IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FARHI SAEED BIN MOHAMMED, *et al.,* | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1347 (GK) |
| GEORGE W. BUSH, President of the United States, *et al.,* | ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS
AND FOR CONTINUED COORDINATION**

Respondents hereby submit this reply memorandum in support of their motion to stay

proceedings pending related appeals and for continued coordination in the above-captioned case.

**ARGUMENT**

**I.     The Court Has the Authority to Grant a Stay at This Stage of the Proceedings.**

As a preliminary matter, there is nothing in the habeas statute that constrains the Court's

broad authority to provide for an orderly schedule and otherwise manage habeas proceedings to

further an efficient expenditure of litigation resources.  Indeed, pursuant to the Rules Governing

Section 2254 Cases in the United States District Courts (the "2254 Rules"),[1] a court may extend

---

[1]  The 2254 Rules are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in these cases.  See 2254 Rule 1(b) ("In applications for habeas corpus in cases not covered by subdivision (a) [involving persons in state custody], these rules may be applied at the discretion of the United States district court."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241."); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) (The 2254 Rules "apply to petitions filed pursuant to 28 U.S.C. § 2241 as

the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C.

§ 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and

they supersede the time limits set forth in 28 U.S.C. § 2243.  Rule 4 provides that the judge shall

"order the respondent to file an answer, motion or other response within a fixed time, or to take

other action the judge may order."  See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir.

1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which

have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for

responses.  Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F.

Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited

consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the

strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985)

(denying § 2241 petitioner's motion for correction of court scheduling order because "in the

conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail").

Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens

involved in filing responses to habeas petitions when implementing case management schedules.

See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325

(1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to

---

well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997)
("[T]he Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases . . ."); 
Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996) ("Thus, while the instant Petition is 
brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and involves a prisoner in federal 
custody, the Rules Governing Section 2254 Cases may still be applied here."); Kramer v. 
Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("[A]lthough [petitioner's] petition is under section 
2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules."). 
Petitioners have presented no authority to the contrary.

tailor the proceedings" in habeas cases). Thus, this Court has the authority to grant a stay of proceedings at this juncture. See <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); <u>id.</u> at 256 (noting propriety of stay in cases "of extraordinary public moment").

## II.    A Stay of Proceedings Is Appropriate.

There is no dispute that the resolution of the appeals of the decisions of Judges Leon and Green in <u>Khalid v. Bush</u>, Nos. 04-CV-1142 (RJL), 355 F. Supp.2d 311 (D.D.C. 2005), <u>appeals docketed</u>, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and <u>In re Guantanamo Detainee Cases</u>, 355 F. Supp.2d 443 (D.D.C. 2005), <u>petition for interlocutory appeal granted</u>, No. 05-8003 (D.C. Cir. Mar. 10, 2005), will address the core issues in these important cases and, thus, determine how these cases should proceed, if at all.[2] Thus, it would be a wasteful expenditure of resources to proceed with litigation regarding the alleged rights of detainees at Guantanamo Bay when the law governing any such rights is presently in dispute and will be resolved by the Court of Appeals on an expedited basis. Several Judges of this Court, including Your Honor, have already recognized as much, and generally stayed proceedings in Guantanamo detainee habeas cases pending before them.[3] To ensure continued coordination of all the Guantanamo detainee

---

[2] Oral Argument before the D.C. Circuit in these cases is scheduled for September 8, 2005.

[3] See <u>Al Mohammed v. Bush</u>, No. 05-CV-0247 (HHK) (dkt. no. 18); <u>El-Mashad v. Bush</u>, No. 05-CV-0270 (JR) (dkt. no. 29); <u>Al-Adahi v. Bush</u>, No. 05-CV-0280 (GK) (dkt. no. 35); <u>Al Joudi v. Bush</u>, No. 05-CV-0301 (GK) (dkt. no. 26); <u>Al-Wazan v. Bush</u>, No. 05-CV-0329 (PLF) (dkt. no. 15); <u>Al-Anazi v. Bush</u>, No. 05-CV-0345 (JDB) (dkt. no. 21); <u>Alhami v. Bush</u>, No. 05-CV-0359 (GK) (dkt. no. 20); <u>Ameziane v. Bush</u>, No. 05-CV-0392 (ESH) (dkt. no. 12); <u>Sliti v. Bush</u>, No. 05-CV-0429 (RJL) (dkt. no. 8); <u>M.C. v. Bush</u>, No. 05-CV-0430 (ESH) (dkt. no. 10);

habeas cases, proceedings in the above-captioned cases should also be stayed pending the resolution of the appeals of <u>Khalid, et al.</u> and <u>In re Guantanamo Detainee Cases.</u>[4]

Petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from additional proceedings in these cases, including the submission of factual returns, ignores the cascade effect that would follow from not staying the cases. Presently, there are approximately 115 habeas cases pending on behalf of well over 200 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judges Leon and Green in <u>Khalid,, et al.</u> and <u>In re Guantanamo Detainee Cases.</u>  A decision to allow proceedings or submission of factual returns to go forward pending the resolution of the

---

<u>Kabir v. Bush</u>, No. 05-CV-0431 (RJL) (dkt. no. 10); <u>Qayed v. Bush</u>, No. 05-CV-0454 (RMU) (dkt. no. 4); <u>Al-Shihry v. Bush</u>, No. 05-CV-0490 (PLF) (dkt. no. 14); <u>Aziz v. Bush</u>, No. 05-CV-492 (JR) (dkt. no. 16); <u>Qassim v. Bush</u>, No. 05-CV-0497 (JR) (dkt. no. 14); <u>Al-Oshan v. Bush</u>, No. 05-CV-0520 (RMU) (dkt. no. 12); <u>Tumani v. Bush</u>, No. 05-CV-0526 (RMU) (dkt. no. 5); <u>Al-Oshan v. Bush</u>, No. 05-CV-0533 (RJL) (dkt. no. 6); <u>Al Shamri v. Bush</u>, No. 05-CV-0551 (RWR) (dkt. no. 10); <u>Salahi v. Bush</u>, No. 05-CV-0569 (JR) (dkt. no. 8); <u>Mammar v. Bush</u>, No. 05-CV-0573 (RJL) (dkt. no. 5); <u>Al-Sharekh v. Bush</u>, No. 05-CV-0583 (RJL) (dkt. no. 9); <u>Magram v. Bush</u>, No. 05-CV-0584 (CKK) (dkt. no. 9); <u>Al Rashaidan v. Bush</u>, No. 05-CV-0586 (RWR) (dkt. no. 10); <u>Mokit v. Bush</u>, No. 05-CV-0621 (PLF) (dkt. no. 13); <u>Al Daini v. Bush</u>, No. 05-CV-0634 (RWR) (dkt. no. 10); <u>Ahmed v. Bush</u>, No. 05-CV-0665 (RWR) (dkt. no. 16); <u>Battayav v. Bush</u>, No. 05-CV-0714 (RBW) (dkt. no. 12); <u>Adem v. Bush</u>, No. 05-CV-0723 (RWR) (dkt. no. 13); <u>Hamlily v. Bush</u>, No. 05-CV-0763 (JDB) (dkt. no. 10); <u>Imran v. Bush</u>, No. 05-CV-0764 (CKK) (dkt. no. 6); <u>Hamamy v. Bush</u>, No. 05-CV-0766 (RJL) (dkt. no. 6); <u>Hamoodah v. Bush</u>, No. 05-CV-0795 (RJL) (dkt. no. 13); <u>Rahmattullah v. Bush</u>, No. 05-CV-0878 (CKK) (dkt. no. 3); <u>Nasrat v. Bush</u>, No. 05-CV-0880 (ESH) (dkt. no. 4); <u>Slahi v. Bush</u>, No. 05-CV-0881 (RWR) (dkt. no. 5); <u>Chaman v. Bush</u>, No. 05-CV-0887 (RWR) (dkt. no. 7); <u>Gul v. Bush</u>, No. 05-CV-0888 (CKK) (dkt. no. 3); <u>Basardh v. Bush</u>, No. 05-CV-0889 (ESH) (dkt. no. 4); <u>Shaaban v. Bush</u>, No. 05-CV-0892 (CKK) (dkt. no. 3); <u>Tohirjanovich v. Bush</u>, No. 05-CV-0994 (JDB) (dkt. no. 4); <u>Al-Khalaqi v. Bush</u>, No. 05-CV-0999 (RBW) (dkt. no. 3); <u>Kahn v. Bush</u>, No. 05-CV-1001 (ESH) (dkt. no. 3); <u>Mangut v. Bush</u>, No. 05-CV-1008 (JDB) (dkt. no. 2); <u>Salaam v. Bush</u>, No. 05-CV-1013 (JDB) (dkt. no. 2).

[4]  The Court presumably would retain discretion to modify a stay of proceedings in a particular case should circumstances arise truly warranting a lifting of the stay.

appeals could precipitate a chain reaction — the scores of petitioners in other pending

Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to

allow additional proceedings or access to factual returns in those cases, perhaps even by lifting or

modifying stays that have already been entered.  This scenario is exactly what Judge Green aimed

to avoid when she denied petitioners' motion to reconsider her order granting a stay pending

appeal "in light of the substantial resources that would be expended and the significant burdens

that would be incurred should this litigation go forward."  See Order Denying Motion for

Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases

(Feb. 7, 2005) (Green, J.).  Indeed, any proceedings in these cases that are permitted to go

forward very likely would need to be revisited or relitigated, and may be shown to have been

altogether unnecessary, once the Court of Appeals provides guidance regarding handling of the

habeas claims of Guantanamo Bay detainees such as petitioners.  Thus, in the interest of

efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this

Court should hold proceedings in the above-captioned cases in abeyance pending the outcome of

the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.

    In contrast to the obvious and tangible burdens of proceeding with these cases while the

D.C. Circuit considers the appeals in In re Guantanamo Detainee Cases, and Khalid, petitioners

unfairly dismiss the fact that "the law in this Circuit is unsettled."  Al-Marri v. Bush, No. 04-CV-

2035 (GK) (dkt. no. 26).  See Op. at 2-3.  Petitioners' argue the case should not be stayed at this

time because the Guantanamo Bay cases might eventually be appealed to the United States

Supreme Court after a decision in the D.C. Circuit Court of Appeals.  Id. at 3.  Despite that

possibility, it simply makes no sense to proceed with the merits of the above-captioned cases

when the core issues they present will be resolved by the Court of Appeals on an expedited basis

and appeal to the Supreme Court is speculative at this juncture.

       In the event the stay in this case is modified to allow the submission of factual returns,

however, it could only be done pursuant to a coordinated and reasonable schedule, taking account

of the fact that petitioners in all the recently filed cases are seeking factual returns and given the

logistical burdens posed by an undertaking to produce returns in the cases.[5]  Though the

submission of factual returns should not go forward at all, a schedule for any such undertaking

should be no more restrictive than is necessary; for example, a schedule for the rolling

production of factual returns in these (and potentially other) cases over anything less than the

next 10 to 12 weeks would be unreasonable.  See e.g., Al-Joudi, No. 05-301 (GK) (dkt. no. 26)

(imposing 90-day schedule); Al-Adahi, No. 05-280 (GK) (dkt. no.35) (imposing 90-day

schedule); Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Al-

Anazi, No. 05-CV-0345 (JDB) (dkt. no. 21) (imposing 120-day schedule); Qayed, No. 05-CV-

0454 (RMU) (dkt. no. 5) (imposing 90-day schedule); Battayav, No. 05-CV-0714 (RBW) (dkt.

no. 12) (imposing 120-day schedule).

---

[5]  To the extent petitioners' opposition seeks production of factual returns in less than 10-
12 weeks, that request, if granted, would result in an unnecessary logistical burden for
respondents.  See, Opp. at 3-4.  Each factual return must be obtained from the Department of
Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to
ensure that information disclosed to counsel in the returns is in accordance with all applicable
statutes, regulations and Executive Orders.  Respondents must then prepare both public and
classified versions of the factual returns for submission to the Court and counsel.  Further,
submission of these returns will increase the risks of inadvertent or other disclosure or
compromise of classified information.  Given that the D.C. Circuit will be considering the proper
scope of these proceedings, including whether the claims of petitioners can be dismissed without
reference to specific factual returns for petitioners, it there is no justification to incur substantial
burdens on government resources and increase the risk to national security by providing
petitioners' counsel access to factual returns which may ultimately prove unnecessary.

## <u>CONCLUSION</u>

For the reasons stated in respondents' motion to stay proceedings pending related appeals and for continued coordination, and in this supporting reply memorandum, this Court should stay further proceedings in the above-captioned cases pending the appeals of Judge Leon's decision in <u>Khalid, et al.</u> and Judge Green's January 31, 2005 decision in <u>In re Guantanamo Detainee Cases</u> and deny petitioners' motion for an order to show cause.  Respondents do not object to entry of the Protective Order and other related, supplementary orders in this case to facilitate counsel visits to Guantanamo Bay.

Dated:  August 1, 2005                    Respectfully submitted,

                                          PETER D. KEISLER
                                          Assistant Attorney General

                                          KENNETH L. WAINSTEIN
                                          United States Attorney

                                          DOUGLAS N. LETTER
                                          Terrorism Litigation Counsel

_/s/ James J. Schwartz_____

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202)616-8267
Fax:  (202) 616-8202

Attorneys for Respondents