IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIID FARHI, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, *et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-1347 (GK) |

### DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Saiid Farhi that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 31 October 2005

Teresa A. McPalmer
CDR, JAGC, USN

# Department of Defense
## Director, Combatant Status Review Tribunals

10 JAN 2005
OARDEC/Ser: 383

~~FOR OFFICIAL USE ONLY~~

From: Director, Combatant Status Review Tribunals

Subj: REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN #311

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #311 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J.M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

~~FOR OFFICIAL USE ONLY~~



# Department of Defense
### Director, Combatant Status Review Tribunals

12 Oct 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #15

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

■■■■■■■■■ Colonel, U.S. Air Force; President

■■■■■■■■■ Lieutenant Colonel, U.S. Air Force; Member
(JAG)

■■■■■■■■■ Lieutenant Commander, U.S. Navy; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

7 Jan 05

MEMORANDUM

From: Legal Advisor
To: Director, Combatant Status Review Tribunals

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 311

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
     (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #15 of 12 October 2004
      (2) Record of Tribunal Proceedings

1. A legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and affirmatively declined to participate in the hearing.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal complied with the provisions of references (a) and (b). Note that some information in exhibits R-3, R-4, R-8, and R-19 was redacted. The FBI properly certified in exhibits R-2 and R-21 that the redacted information would not support a determination that the detainee is not an enemy combatant. Additionally, the names of two law enforcement agents and a linguist was redacted from exhibit R-17. It is clear that such redacted information would not support a finding that the detainee is not an enemy combatant.

   d. Exhibits R-3 through R-6, R-13, R-16, and R-17 contain handwritten notes in the margins. These notes apparently direct the Tribunal to the source of the information contained in the allegations or to exculpatory information. These notes do not alter the evidence. The notes are provided as an aid and do not affect the legal sufficiency of the document.

   e. The detainee did not request any witnesses or evidence be presented on his behalf.

   f. The Tribunal's decision that detainee #311 is properly classified as an enemy combatant was unanimous.

   g. The detainee's Personal Representative was given the opportunity to review the record of proceedings and affirmatively declined to submit comments to the Tribunal.

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 311

2. The proceedings and decision of the Tribunal as recorded in enclosure (2) are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

*[signature]*
T.A. McPALMER.
CDR, JAGC, USN



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

4 November 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 311

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███.

CHARLES E. JAMISON
CAPT, USN

SECRET//NOFORN//X1

## (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL: __#15__

(U) ISN#: __311__

Ref:  (a) (U) Convening Order for Tribunal #15 of 12 October 2004 (U)
      (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
      (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
      (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
      (3) (U) Copies of Documentary Evidence Presented (S/NF)
      (4) (U) Personal Representative's Record Review (U/FOUO)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 27 Oct 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #311 is properly classified as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with al Qaida, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



Col, USAF
Tribunal President

**DERV FM:** Multiple Sources      SECRET//NOFORN//X1
**DECLASS:** XI

UNCLASSIFIED//<s>FOUO</s>

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: #15
ISN #: 311

### 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

### 2. Synopsis of Proceedings

The unclassified summary of the evidence presented to the Tribunal by the Recorder indicated that the detainee left Algeria in 1989 and lived in France for six to seven years. It further indicated that he left France, traveled to Italy, then traveled to England in January 2001. While in England, the detainee attended the Finsbury Park and Baker Street mosques, which the Unclassified Summary characterized as "known extremist mosques." The Unclassified Summary then indicated that the detainee left England in June, 2001 to look for a wife in Afghanistan, stayed in an Algerian house in Afghanistan, and then traveled to Kabul, where he stayed for one and one half months. Finally, the Unclassified Summary states that the detainee was captured by Pakistani authorities while attempting to cross the border into Pakistan and was later injured in a bus accident while still in the custody of the Pakistanis. The detainee chose not to participate in the Tribunal process. He called no witnesses and requested no documents be produced. The Tribunal initially met on 21 Oct 04, and reconvened to accept additional evidence and deliberate on 27 Oct 04.

### 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a and R-1 through R-21.

### 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested no witnesses; no rulings were necessary.

The Detainee requested no additional evidence be produced; no rulings were necessary.

UNCLASSIFIED//<s>FOUO</s>

ISN #311
Enclosure (1)
Page 1 of 3

## 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2 provided no usable evidence. When the Tribunal reopened for more information, the Recorder offered, along with certain classified exhibits, Exhibit R-21, which was another FBI request for Redaction of National Security Information. This exhibit provided no usable evidence. Accordingly, the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

## 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

## 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The detainee understood the Tribunal proceedings. The detainee chose not to participate in the Tribunal process, as indicated in Exhibit D-a, but his Personal Representative informed the Tribunal that the detainee had been fully informed of his rights and of the allegations in the Unclassified Summary of the Evidence. The Personal Representative told the Tribunal that the detainee had actively participated in their meetings, but chose not to participate in the proceedings after thinking about it overnight.

    c. The detainee is properly classified as an enemy combatant and is a member of, or associated with al Qaida.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

███████████████████████, Col, USAF
Tribunal President

# DETAINEE ELECTION FORM

Date: 16 Oct 2004
Start Time: 0845
End Time: 0855

ISN#: 311

Personal Representative: ███████████, MAJ
(Name/Rank)

Translator Required? YES            Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

The detainee decided over night that participating in the tribunal was not a good decision for him. The detainee was courteous and cooperative during the initial and follow-up interviews. He does not want to participate because he does not believe that the CSRT process is real. He believes that it is a joke and that his case has been pre-decided.

When asked if he wanted his PR to present any statements on his behalf at the tribunal, he declined.

Personal Representative: ███████████

UNCLASSIFIED//FOUO

Exhibit D-a

UNCLASSIFIED

## Combatant Status Review Board

TO: Personal Representative

FROM: OIC, CSRT (29 September 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – FARHI, Saiid.

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that he has known al Qaida associations.

   The detainee is a member of, or associated with, al Qaida:

   1. The detainee left Algeria in 1989 and went to France, where he lived for six to seven years.

   2. Detainee left France in 1996 or 1997 and traveled to Italy, he then traveled to England in January 2001.

   3. While in England, the detainee attended the Finsbury Park Mosque and Baker Street Mosque, both known extremist mosques.

   4. Detainee left England in June 2001 to travel to Afghanistan, via Pakistan, to look for a wife.

   5. Detainee stayed in an Algerian house while in Jalalabad, Afghanistan.

   6. Detainee traveled to Kabul where he stayed for one and one half months.

   7. Pakistani authorities captured detainee when he attempted to cross the border between Afghanistan and Pakistan.

   8. Detainee received injuries during a bus accident while in the custody of the Pakistani authorities.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

**Exhibit: R-1**

1 of 1

# Memorandum



To       :   Department of Defense             Date   09/20/2004
             Office of Administrative Review
             for Detained Enemy Combatants
             Col. David Taylor, OIC, CSRT

From     :   FBI GTMO
             Counterterrorism Division
             Asst. Gen. Counsel ▮▮▮▮▮▮▮

Subject  :   REQUEST FOR REDACTION OF
             NATIONAL SECURITY INFORMATION
             ▮▮▮▮▮▮▮▮▮▮

    Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

    The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

    The following documents relative to ISN 311 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 06/27/2002
FD-302 dated 10/10/2002
FD 302 dated 06/12/2002 ▮▮▮

---

    [1]Redactions are blackened out on the OARDEC provided FBI document.

    [2]See Executive Order 12958

Exhibit **R2**

**182**

Memorandum from ███████ to Col. David Taylor
Re: REQUEST FOR REDACTION, 09/20/2004


If you need additional assistance, please contact Assistant General Counsel ███████████████████████, or Intelligence Analyst ███████, Intelligence Analyst ████████████████████████,

282

# Memorandum



To : Department of Defense                    Date 10/27/2004
     Office of Administrative Review
     for Detained Enemy Combatants
     Capt. Charles Jamison, OIC, CSRT

From : FBI GTMO
       Counterterrorism Division
       Asst. Gen. Counsel ▓▓▓▓▓▓▓▓

Subject: REQUEST FOR REDACTION OF
         NATIONAL SECURITY INFORMATION
         ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

   Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

   CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
   DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

   The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

   The following documents relative to ISN 311 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 03/30/02
FD-302 dated 06/12/02

---

   [1]Redactions are blackened out on the OARDEC provided FBI document.

   [2]See Executive Order 12958

Exhibit R∂1

Pg 1 of 2

Memorandum from ▮▮▮▮▮▮▮ to Col. David Taylor
Re: REQUEST FOR REDACTION, 10/27/2004


    If you need additional assistance, please contact Asst. Gen. Counsel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or Intelligence Analyst (IA) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Pg -2- of 2

UNCLASSIFIED//FOUO

## Personal Representative Review of the Record of Proceedings

I acknowledge that on __30__ October 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #311.

_X_ I have no comments.

___ My comments are attached.


Name

30 Oct 2004
Date

Signature

ISN #311
Enclosure (4)

UNCLASSIFIED//FOUO