Jerry Cohen
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000

Stewart Eisenberg
431 Ashfield Mt.
Ashfield, MA 01330-0152
Tel: (413) 628-3325
**Attorneys for Petitioners**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FARHI SAEED BIN MOHAMMED, et al )<br><br>*Petitioners,*<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>*Respondents.* | Civil Action No. 05-CV-1347 (GJK) |

### PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO DISMISS AND REQUEST FOR A STAY-AND-ABEY ORDER

Petitioners respectfully request that this Court: (1) deny Respondents' motion to dismiss and in the alternative (2) stay the dismissal of this habeas action pending Petitioner bin Mohammed's exhaustion of his remedies in the Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA") and (3) hold this action in abeyance pending his exhaustion of those remedies and the resolution in the Supreme Court of a renewed petition for certiorari to review the Court of Appeals'

jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*").

### A. Denying the Motion to Dismiss and Staying the Habeas Petition Pending Exhaustion of a Potential Remedy and Holding the Case In Abeyance Are Appropriate Courses of Action In the Instant Case.

"District courts . . . ordinarily have authority to issue stays, *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936), where such a stay would be a proper exercise of discretion, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997)." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Staying this action -- to allow Petitioner bin Mohammed to exhaust his DTA claims in the Court of Appeals and then seek review of that court's *Boumediene I* jurisdictional holding -- is consistent with Supreme Court directives concerning the proper course of action by a federal court when presented with unexhausted habeas petitions brought pursuant to 28 U.S.C. § 2254. The Supreme Court has held that where a habeas petitioner has failed to exhaust all available remedies in state court, a federal court has discretion to keep jurisdiction over the pending habeas petition, staying the action and allowing exhaustion of remedies in the state courts rather than dismissing the petition. *Rhines*, 544 U.S. at 277. The exhaustion obligation in this case is a DTA petition. A DTA Petition will soon be filed in the Court of Appeals by Mr. bin Mohammed.

Respectfully, it would be an abuse of discretion to dismiss a petition if the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [the petitioner] engaged in

intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 278[1]; *accord Pace v. DiGuglielmo,* 544 U.S. 408, 416-17 (2005); *see also Duncan v. Walker,* 533 U.S. 167, 182 (2001) (Stevens, J., joined by Souter, J., concurring in part and concurring in the judgment) (stating that "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious [habeas] claim and stay further proceedings pending the complete exhaustion of state remedies"). The stay-and-abey procedure approved by the Supreme Court in *Rhines* is called for under the directly analogous circumstances surrounding this case.

On February 20, 2007, a divided panel of the Court of Appeals ruled that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, had stripped the federal courts of jurisdiction over habeas actions, such as this, brought by foreign nationals held at Guantánamo. *Boumediene I,* 476 F.3d at 988.

On March 5, 2007, the *Boumediene* petitioners filed a certiorari petition in the Supreme Court; on April 2, 2007, the Court denied the petition. *Boumediene v. Bush,* 127 S. Ct. 1478 (2007) ("*Boumediene II*"). Three Justices dissented from the denial of the petition, stating that the jurisdictional and constitutional questions raised by the petitioners "deserve this Court's immediate attention." *Id.* at 1479 (Breyer, J., joined by Souter & Ginsburg, JJ., dissenting). Two other Justices stated that, despite "the obvious importance of the issues raised in these cases," it was "appropriate to deny these petitions *at this time*" in order to require the petitioners to exhaust their DTA remedies. *Id.* at 1478

---

[1] See also concurring Justice Souter's concerns in opinion in *Rhines*, joined by Justices Breyer and Ginsburg, 544 U.S. at 279.

3

(statement of Stevens and Kennedy, JJ., respecting the denial of certiorari) (emphasis added).

Five Justices have thus at least made clear that, upon the petitioners' exhaustion of their DTA remedies, the Supreme Court will give serious consideration to a renewed certiorari petition seeking review of the Court of Appeals' decision in *Boumediene I*. A majority of the Court, in other words, has left open the possibility that the Court of Appeals' holding in *Boumediene I* might be held erroneous and that it might therefore be appropriate to allow the habeas actions of the petitioners and those similarly situated to proceed in the district courts at some later date. Justices Stevens and Kennedy also stated:

> "Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction, including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromises. 127 S.Ct. 1478 (2007) (statement of Justices Stevens and Kennedy),[2]

The Justices' language echoes the long-established principle that, even if there is no jurisdiction, that ultimate question is for the Supreme Court, and that while the matter is under consideration, the courts have "authority from the necessity of the case to make orders to preserve the existing conditions and subject of the petition." *United Mine Workers*, 330 U.S. at 291 (quoting *United States v. Shipp*, 203 U.S. 563, 573 (1906) (Holmes, J.)). The District Court of Columbia Circuit has not hesitated to apply these principles:

---

[2] Quoting *Padilla v. Hanft*, 547 U.S. 1062 (Kennedy, J., concurring in the denial of certiorari).

4

> "Of course, whether or not there was jurisdiction to decide the merits, until the question of jurisdiction is determined, there was "authority from the necessity of the case to make orders to preserve the existing conditions and the subject of the petition. Clearly there was "power to preserve existing conditions while .... determining [the] authority to grant injunctive relief."

*In re President and Directors of Georgetown College*, 331 F.2d 1000, 1005 (D.C. Cir. 1964) (quoting United Mine Workers). This Court should carefully protect the status quo by maintaining the orders entered to date to assure the petitioner is not prejudiced in his ability to litigate the DTA action and to preserve potential remedies in the Court and on appeal.

Under these circumstances, it is premature for this Court to dismiss Petitioner's case for lack of jurisdiction. Rather, in accordance with *Rhines*, this Court should deny the motion to dismiss and then stay this action (or recognize continuance of the stay order already in effect) pending (a) timely filing by Petitioner bin Mohammed of a DTA petition and (b) resolution of a timely, renewed petition for certiorari in the Supreme Court challenging the Court of Appeals' jurisdictional holding in *Boumediene I*.

The requested relief will aid Petitioner bin Mohammed in receiving a speedy review of the constitutional issues presented in his habeas petition after his DTA claim is exhausted. His habeas petition has been pending for well over a year. He has been imprisoned at Guantanamo Bay Naval Station without charge, let alone conviction, for over five years. Because there is a reasonable possibility that the Supreme Court will, in the not-distant future, find the jurisdictional holding in *Boumediene I* to be in error, dismissal of this case might cause unnecessary additional delay that is contrary to the

5

nature of habeas relief. *See Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (habeas writ, "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person"). The DTA, in turn, allows challenges only to specified aspects of final decisions of the Combatant Status Review Tribunals ("CSRTs").

Under these circumstances, this Court should retain and stay this action, doing so as a necessary precaution to ensure that the habeas action remains a potential remedy available to Petitioners in the event that the jurisdictional questions are ultimately resolved in their favor. *See Boumediene II*, 127 S. Ct. at 1478 (statement of Stevens, J., joined by Kennedy, J., respecting denial of certiorari) ("Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'") (citation omitted).

It is fundamental that the courts have jurisdiction to determine their own jurisdiction. *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006) (a court's "adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case"); *Ex parte Milligan*, 71 U.S. 2, 131 (1866) ("The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it."). The result of *Boumediene I* does not impede the ability of this Court to take the requested action here. The correctness of that jurisdictional holding is still in dispute and jurisdiction remains a

6

live issue that will be resolved with finality only after Petitioner has exhausted his DTA remedies.[3] Furthermore, *Boumediene I* is distinguishable since petitioners therein had declined to seek DTA review while in this case Petitioner bin Mohammed will be filing a DTA petition. *Boumediene I*, 476 F.3d at 994.

### B. This Court Should Continue to Enforce the Protective Order of this Case or an Accepted Substitute Order to Enable Consel to Visit Petitioner bin Mohammed at Guantanamo Bay.

Premature dismissal of this habeas action might lead to termination of the Protective Order. If this occurs and there is no timely substitution of another order, counsel visits will cease and this would hamper a DTA action[4] and would hamper

---

[3] In addition, the Court of Appeals has not issued its mandate in *Boumediene I*. The *Boumediene* petitioners have asked the Court of Appeals to stay the issuance of its mandate pending the completion of DTA proceedings and the filing of a renewed petition for certiorari to review the Court of Appeals' jurisdictional ruling in *Boumediene I*. The Court of Appeals has not yet acted on the motion. Thus, at this time, the *Boumediene I* decision is not yet final, and the Court of Appeals retains jurisdiction to modify or rescind its opinion.

[4] A motion to establish a protective order in DTA actions is pending before the Court of Appeals in *Bismullah v. Gates*, No. 06-1197, and *Parhat v. Gates*, No. 06-1397. Briefing in those appeals is nearly complete, and argument is scheduled for May, 15, 2007. In addition, a motion to proceed with DTA review is also pending in the Court of Appeals in *Paracha v. Gates*, No. 06-1038. On April 11, 2007, the panel issued an order setting a briefing schedule, calendaring argument for September 27, 2007, and directing the parties in their briefs "to take into account the court's disposition of [*Bismullah* and *Parhat*] in addressing issues related to discovery and this court's scope of review." However, in this district court case, Petitioner's counsel will agree, if necessary, to more restrictive order now previewed by the government as a condition of visit (without prejudice to arguing later for modification of one or more of the additional restrictions, as contemplated in Respondents' motion to dismiss).

counsel's ability to consult with the Petitioner as to a best assertion of Petitioner's appeal in his DTA case and for seeking other relief.

Respondents have denied counsel access to Petitioner bin Mohammed until now but have recently allowed a visit during the week of May 15, 2007. A further visit may be needed a month after this initial visit. Such visits are the only effective way for a detainee to consult with counsel, make informed decisions and instruct them. The publicly available CSRT record (unclassified portions) in this case shows no basis to declare Petitioner bin Mohammed an enemy combatant and the CSRT proceeding nevertheless declaring him an enemy combatant was, as a whole, flawed. Petitioner is slated to be transferred to Algeria, a country he deliberately left some 15 years ago. Helping him understand and make an informed decision as to how to address that development is a further purpose of counsel visits.

## CONCLUSION

For the foregoing reasons, this Court should deny the government's motion to dismiss and then stay proceedings in the present case pending exhaustion of DTA remedies in the D.C. Circuit Court of Appeals by Petitioner bin Mohammed and

resolution by the Supreme Court of a renewed petition for certiorari seeking review of *Boumediene I*.

                                                Respectfully submitted,

                                                /s/ Jerry Cohen
                                                Jerry Cohen
                                                jcohen@burnslev.com
                                                Burns & Levinson LLP
                                                125 Summer Street
                                                Boston, MA 02110
                                                Tel: (617) 345-3000
                                                Fax: (617) 345-3299

                                                and Stewart Eisenberg
                                                431 Ashfield Mt.
                                                Ashfield, MA 01330-0152
                                                Tel: (413) 628-3325
                                                Fax (413) 628-3325)
                                                Counsel for Petitioner

April 30, 2007

## CERTIFICATE OF FILING/SERVICE

I hereby certify that on April 30, 2007, I filed and served the foregoing **PETITIONERS OPPOSITION TO RESPONDENTS' MOTION TO DISMISS AND REQUEST FOR A STAY-AND-ABEY ORDER** by causing the original and four copies to be delivered by express Mail to the Court Security Office, including one copy to be forwarded to Respondents' counsel of record, namely Peter D. Keisler et al.

| | | |
|---|---|---|
| Peter D. Keisler | Vincent M. Garvey | Edward H. Whitney |
| Jonathan F. Cohn | Judry L. Subar | Robert J. Kater |
| Douglas N. Lettler | Terry M. Henry | Andrew I. Warner |
| Joseph H. Hunt | James J. Schwartz | Nicholas J. Patterson |

U.S. Department of Justice, Civil Division, Federal Program Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530

Attorneys for Respondents

_____
Jerry Cohen

J:\Docs\81094\00005\01126172.DOC

10