IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

(2)

| | |
|---|---|
| **FARHI SAEED BIN MOHAMMED**<br>Guantanamo Bay Naval Station,<br>Guantanamo Bay, Cuba<br>　　　　Petitioner<br><br>V.<br><br>**GEORGE W. BUSH, et. al.**<br>　　President of the United States<br>　　The White House<br>　　1600 Pennsylvania Avenue, N.W.<br>　　Washington, D.C. 20500; | CIVIL ACTION<br>(HABEAS CORPUS)<br><br>No:　　05-CV-1347 (GK) |

### PETITIONER'S MOTION TO LIFT THE
### STAY OF PROCEEDINGS, ORDER THE GOVERNMENT
### TO PROVIDE FACTUAL RETURN
### AND SET A SCHEDULING CONFERENCE

Petitioner, Farhi Saeed bin Mohammed, through his attorneys, hereby moves that this Court lift the stay entered on March 7, 2007, order the government to provide factual returns and set a date for a scheduling conference.

1.　　　　On March 7, 2007, this Court stayed Mr. bin Mohammed's habeas proceedings pending resolution of all appeals in Khalid v. Bush et al., 355 F.Supp2d 311 (D.D.C. 2005), appeals docketed sub nom., Boumediene v. Bush et al., Nos. 05-5062, 05-5063 (D.C. Cir. March 3, 2005) and In re Guantanamo Detainee Cases, 355 F.Supp.2d 443 (D.D.C. 2005), appeals docketed, Nos. 05-5064 et al. (D.D. Cir. March 7, 2005). The Court of Appeals had ruled that the Court lacks jurisdiction because of the passage of the DTA. See Boumediene v. Bush, 476 F.3d. 981 (C.A.D.C. 2007).

2.　　　　On June 12, 2008, the Supreme Court reversed the decision of the Court of Appeals, ruling that prisoners at Guantanamo have *habeas corpus* rights protected under the U.S.

Constitution; the review procedures of the Detainee Treatment Act are not an adequate substitute for *habeas corpus*; and the Military Commissions Act, insofar as it purported to strip the courts of *habeas corpus* jurisdiction, was unconstitutional. Boumediene v. Bush, ___ S.Ct. ___, 2008 WL 2369628 (June 12, 2008). The Court stated that it was now up to the trial courts to resolve questions regarding "the legality of . . . detention" of Guantanamo detainees. Id. at *8. The Court stated that the "detainees in these cases are entitled to a prompt habeas corpus hearing." Id. at *44. Since the basis for the stay no longer exists, it should be vacated forthwith and Petitioner's habeas proceedings should move forward.

3.        Petitioner also requests that the Court order the government to provide a classified factual return to undersigned security cleared counsel forthwith. As the Circuit Court of Appeals for the District of Columbia has stated, "counsel for a detainee has a 'need to know' the classified information relating to his client's case ..." Bismullah v. Gates, 501 F.3d 178, 180 (2007). In support of this request, Petitioner relies on the reasons set forth in his *Motion to Compel Production of Factual Returns and for Entry of Protective Orders*, filed with this Court on August 10, 2006 (document 9).

4.        Finally, Petitioner requests that the Court set the matter for a status conference to consider a schedule for a <u>prompt</u> resolution of Petitioner's claims, in accordance with the direction of the Supreme Court. Petitioner has been held at Guantanamo since Spring of 2002. He has been awaiting action on his *habeas corpus* petition since it was filed in December, 2005. Moreover, Mr. bin Mohammed has been eligible for transfer at least since September of 2007, based upon information obtained by the military fifteen months ago.[1]

---

[1] *See: Notification of the Decision of an Administrative Review Board ICO ISN 311 to Depart Guantanamo Bay Cuba* dated 24 September, 2007, acknowledging that Petitioner was "authorized for transfer from Guantanamo Bay, attached here to as Exhibit "A." As such, there is no process whatsoever left to him at Guantanamo. For these reasons, his need for this Court's swift action to allow him to invoke his right to *habeas corpus* is greatly heightened.

WHEREFORE, for all of the foregoing reasons, Petitioner respectfully requests that this HonorableCourt lift the stay, order the government to provide counsel with a factual return, and set the matter for a status conference.

Dated: June 20, 2008

Respectfully submitted,

*/s/ Jerry Cohen and Stewart Eisenberg*

Jerry Cohen
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000

Stewart Eisenberg
WEINBERG & GARBER, PC
71 King Street
Northampton, MA 01060

Tel: (413) 582-6886
Fax: (413) 582-6881
buz.e@verizon.net

OF COUNSEL:
Zachary Katznelson
Cal. Bar. No. 209489
Legal Director
Reprieve
PO Box 52742
London EC4P 4WS
United Kingdom
Tel: 011-44(0) 207-353-4640
Fax: 011-44(0) 207-353
Zachary@Reprieve.org.uk

## CERTIFICATE OF SERVICE AND DISCUSSION

I hereby certify that a true and correct copy of the foregoing Motion has been served by Express Mail, Return Receipt Requested, to the following person:

Terry Henry, Esq.
U.S. Department of Justice
20 Mass. Avenue, NW Room 7226
Washington, DC 20529-0001
Attorney for Respondent

On this 20th day of June, 2008.

It is further certified per Local Rule 7(m) (LCvR7.1(m)) that counsel sought to set up a discussion with a counsel for Respondent by an email message but had no response.

_____
Jerry Cohen

J:\Docs\31549\00001\01256944.DOC